IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM GERMANY ) | |
| IN THE MATTER OF ) | Misc. No. 08- |
| RANDY N. STEGALL ) | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Germany. A copy of the translation is attached.

FACTUAL BACKGROUND:

Litigation is being conducted before the City of Kaiserslautern City Youth Welfare Office in Kaiserslautern, Germany. The litigation relates to paternity matters.

EVIDENCE SOUGHT:

The German authorities seek information from an individual that may reside in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

    (a)    The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and

take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that the information sought is for use in such proceedings in Germany and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority

to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE,** the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

> Respectfully submitted,
>
> COLM F. CONNOLLY
> United States Attorney
>
> BY: _____
> David L. Hall
> Assistant U.S. Attorney
> 1007 N. Orange Street
> Wilmington, DE   19801
> (302) 573-6277

Dated: 4/8/08

District Court                    DISTRICT COURT KAISERSLAUTERN
Post Office Box 35 20             Bahnhofstr. 24
67623 Kaiserslautern              67655 Kaiserslautern
                                  Telephone: 0631/3721-415 Doll
                                  Telefax:   0631/3721-426

Department of Justice             File No.: 4 F 567/07
Office of International           (Please quote when writing.)
Judicial Assistance
Washington, D.C. 20530            Your reference:
U.S.A.
                                  Date: 27th November, 2007


In the proceedings

Hubbard, Jada Roberta Sidonia Andrea, born on 

                                                      - **plaintiff** -

The defendant should be given the legal information by the American Authority serving the document, informing him, that, should he refuse to have the blood test carried out on him, according to German Law the Court may treat the evidence in such a manner as if the blood test had been carried out and had produced no result excluding the defendant's paternity.

The Doctor asked to draw the blood is requested to observe the following recommendations by the expert:

The blood may, as usual, be taken and be put into small tubes. After that it is absolutely necessary that the tubes be carefully and slowly shaken to and fro about 10 to 15 times so that the blood and the evaporated Heparin can enter into a compound. This prevents the blood from clotting. **The blood samples may not be stored in a refrigerator after the taking.**

As much blood as possible should please be taken for each tube.

In order to obtain the best possible result the fastest shipment (air freight) of the blood samples is necessary.

The enclosed identity proof will be produced in Court and must therefore be filled in exactly and completely. If possible we request that the person to be tested bring a passport photograph when his blood sample is taken. In any event a finger print must be taken.

Please forward your bill of costs to the Court making this request.

Yours truly,

Signature: Dillenkofer
(Dillenkofer)
Judge of the District Court

I confirm that the above translation conforms to the original text written in German.

Kaiserslautern, 30th November, 2007

_____
ELISABETH JOEL
Sworn interpreter and authorized translator for the English language for the Courts in Rheinland-Pfalz

TRANSLATION

| | |
|---|---|
| District Court<br>Post Office Box 35 20<br>67623 Kaiserslautern | DISTRICT COURT KAISERSLAUTERN<br>Bahnhofstr. 24<br>67655 Kaiserslautern<br>Telephone: 0631/3721-415 Doll<br>Telefax:   0631/3721-426 |
| Department of Justice<br>Office of International<br>Judicial Assistance<br>Washington, D.C. 20530<br>U.S.A. | File No.: 4 F 567/07<br>(Please quote when writing.)<br><br>Your reference:<br><br>Date: 12th November, 2007 |

In the proceedings

Hubbard, Jada Roberta Sidonia Andrea, born on ▮▮▮▮▮▮▮▮▮
▮▮▮

- **plaintiff** -

Prof. Dr. Christian Rittner
Institute for Legal Medicine
Kerststraße 27-31
67655 Kaiserslautern

has been commissioned to provide the written expert opinion.

I confirm that the above translation conforms to the original text written in German.

Kaiserslautern, 30th November, 2007

_____
ELISABETH
Sworn interpreter and authorized translator for the English language for the Courts in Rheinland-Pfalz

2

TRANSLATION

Copy

File No.:
**4 F 567/07**

Pronounced on: 31st October, 2007

Huke, Judicial Clerk
as Clerk of the Court of the Office of the Court

## District Court
## Kaiserslautern

### Court Order to Establish Evidence

In the proceedings

Hubbard, Jada Roberta Sidonia Andrea, born on 

- plaintiff -

"paternity practically proved", further DNA-systems are to be included in the written expert opinion.

2. The two (2) parties and the mother of the child are to be included in the examination for a written expert opinion.

3. In case of non-exclusion of the defendant an additional biostatistics expert opinion is to be provided.

4. Prof. Dr. Rittner, Institute for Legal Medicine, Kerststraße 27-31, 67655 Kaiserslautern

   is commissioned to provide the written expert opinion.

5. The Court will set a date for an oral hearing after receipt of the written expert opinion.

Kaiserslautern, 31st October, 2007
District Court – Domestic Relations Court

Dillenkofer
Judge of the District Court

Executed: Signature: Doll, Judicial Clerk
          Clerk of the Court of the Office of the Court

Stamp of the District Court Kaiserslautern

I confirm that the above translation conforms to the original text written in German.

Kaiserslautern, 16th November, 2007

ELISABETH JOST
Sworn interpreter and authorized translator for the English language for the Courts in Rheinland-Pfalz

2

TRANSLATION
Copy

**In Closed Court**
File No.:                                    Date: 31st October, 2007
**4 F 567/07**

# District Court
# Kaiserslautern

# Record

Present:

Judge of the District Court Dillenkofer
as Judge

- without a Clerk of the Court -
The contents of the Record was preliminarily recorded on a
tape and was produced after the hearing.


In the proceedings

Hubbard, Jada Roberta Sidonia Andrea, born on 

                                                          - **plaintiff** -

appear upon call of the matter:

1. for the child bringing the action: Mrs Hüttenberger of the City Youth Welfare Office Kaiserslautern

2. for the defendant no: one.

3. It appears: the mother of the child who has been summoned for today's court date, Mrs Ellen Hubbard.

The plaintiff's representative refers to the motions put forward in the statement of claim dated 15th May, 2007.

Decreed and Pronounced

The mother of the child is to be called into the witness-box.
The mother of the child is given the necessary legal information and is then examined as follows:

**1.   Concerning her as a person:**

Ellen Hubbard, 26 years old, housewife, residing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ mother of the plaintiff, given the necessary legal information concerning her right to refuse to make a statement, ready to make a statement.

**2.   Concerning the matter:**

During the legal period - of which I have just been informed - which ran from 28th May, 2005 to 24th September, 2005 I had sexual intercourse with the defendant. During

2

this period I did not have sexual intercourse with any other male persons. I had rather a long relationship with the defendant. At that time I lived in the United States of America and had a relationship with the defendant starting in July 2004. In July 2005 I travelled to Germany to visit my family. Originally I intended to return to the U.S.A. But here in Germany I discovered that I was pregnant. If I remember it correctly I was pregnant in about the 8th week. Since the defendant had never left any doubt about not wanting any children in our relationship I was afraid he would not want to go on with our relationship. Because I had no other relatives in the U.S.A. I decided to stay here in Germany where my family lives. When I then told the defendant that I was pregnant he was not delighted. To begin with he did not question his paternity but later on he did; however I saw the reason for this in the fact that we were quarrelling at that time. Later on he said more than once that it was his daughter. We kept in touch over the telephone for about six (6) to nine (9) months after our daughter was born. Then the contact broke off. However, for Jada's first birthday the defendant did send a small parcel with presents and a birthday card. After that we only kept in touch by sending SMS. I sent the defendant photographs showing Jada several times, even up to July 2007. The last thing he did, he sent the photographs back and he had written on the back that I should never again send him anything that had anything to do with Jada or me.

Dictated aloud and approved



3

The Judge then pronounces the Order to Establish Evidence according to its essential contents. Reference is made to the enclosure.

Dillenkofer
Judge of the District Court

For the correctness of the transcription from the tape:

Huke, Judicial Clerk
as Clerk of the Court of the Office of the Court

Executed: Signature: Doll, Judicial Clerk
Clerk of the Court of the Office of the Court

Stamp of the District Court Kaiserslautern

ZP 66

I confirm that the above translation conforms to the original text written in German.

Kaiserslautern, 16th November, 2007

ELISABETH
Sworn interpreter and authorized translator for the English language for the Courts in Rheinland-Pfalz

4

Aktenzeichen:
4 F 507/07

Verkündet am: 31.10.2007

Huke, Justizbeschäftigte
als Urkundsbeamtin der Geschäftsstelle

# Amtsgericht Kaiserslautern

# B e w e i s - B e s c h l u s s

In dem Verfahren

Hubbard, Jada Roberta Sidonia Andrea, geb. ▬▬▬▬▬▬
- Klägerin -

<u>Beistand:</u>   Stadt Kaiserslautern - Stadtjugendamt -, Willy-Brandt-Platz 1, 67655 Kaiserslautern

gegen

Stegall, Randyl N., 1805 West Second Street, USA-19805 DE, Wilmington
- Beklagter -

wegen Feststellung der Vaterschaft u.a.

1. Es soll Beweis erhoben werden über die Vaterschaft des Beklagten

   d u r c h:   Einholung eines schriftlichen Abstammungsgutachtens nach 6 konventionellen Systemen und 10 DNA-Systemen. Falls zur Erreichung des Prädikats "Vaterschaft praktisch erwiesen" erforderlich, sollen weitere DNA-Systeme in die Begutachtung einbezogen werden.

2. In die Begutachtung sollen die Parteien und die Kindesmutter einbezogen werden.

3.  Im Falle des Nichtausschlusses des Beklagten soll ein biostatistisches Zusatzgutachten erstellt werden.

4.  Mit der Erstattung des Gutachtens wir der Sachverständigen

    Prof. Dr. Rittner, Rechtsmedizinisches Institut, Kerststraße 27-31, 67655 Kaiserslautern

    beauftragt.

5.  Termin zur mündlichen Verhanldung wird nach Eingang des Gutachtens von Amts wegen bestimmt werden.

Kaiserslautern, 31. Oktober 2007
Amtsgericht - Familiengericht

D i l l e n k o f e r
Richterin am Amtsgericht

Ausgefertigt

Justizhauptsekretärin
Urkundsbeamtin der Geschäftsstelle

A written expert opinion on the blood group is to be obtained including the blood group systems and quality usual at this time on the question whether the defendant is the legal begetter of the child bringing the lawsuit. The plaintiff, the mother of the child and the defendant are to be included in the expert opinion.

Should on the one hand within the field of conventional systems the defendant not be excluded as the father of the child, and should on the other hand his paternity not be probable to the extent that it justifies the verbal predicate "paternity practically proved", in this case the expert opinion is to cover the HLA-system.

You are requested to order the blood test on the defendant in your own jurisdiction and to determine the office competent to carry it out.

The defendant should be given the legal information by the American Authority serving the document informing him, that, should he refuse to have the blood test carried out on him, according to German Law the Court may treat the evidence in such a manner as if the blood test had been carried out and had produced no result excluding the defendant's paternity.

The Doctor asked to draw the blood is requested to observe the following recommendations by the expert:

The blood may, as usual, be taken and be put into small tubes. After that it is absolutely necessary that the tubes be carefully and slowly shaken to and fro about 10 to 15 times so that the blood and the evaporated Heparin can enter into a compound. This prevents the blood clotting. **The blood samples may not be stored in a refrigerator after the taking.**

As much blood as possible should be taken for each tube.

In order to obtain the best possible result the fastest shipment (air freight) of the blood samples is necessary.

The enclosed identity proof will be produced in Court and must therefore be filled in exactly and completely. If possible we request that the person to be tested bring a passport photograph when his blood sample is taken. In any event a finger print must be taken.

Please forward your bill of costs to the Court making this request.

Dillenhöfer
Richterin am Amtsgericht

Ausgefertigt/Beglaubigt
Kaiserslautern, den 27. Nov. 2007
Urkundsbeamter Geschäftsstelle des Amtsgerichts

# Blutentnahme und Identitätsnachweis

Datum _____

In Sachen _____ Az. _____

Gericht _____

Am _____ erschien(en) hier auf Aufforderung:

1. Herr/Frau _____

   geboren am _____ in _____

   wohnhaft in _____

   amtlicher Ausweis mit Lichtbild, ausgestellt von _____

   am _____ Nr. _____ gültig bis _____

   besondere Kennzeichen (z.B. Narben, Hautfarbe bezügl. Rassenzugehörigkeit) _____

2. Kind _____ geb. am _____ in _____

   wohnhaft in _____

   Ausweis/Geburtsurkunde _____

   besondere Kennzeichen (z.B. Hautfarbe bezügl. Rassenzugehörigkeit) _____

Raum für Finger-(Fuß)abdruck (linker Daumen, bei Kindern linker Fuß)

Hiermit bestätige ich durch meine Unterschrift:

1. Daß ich die unter 1. genannte Person bin.
2. Daß das mitgebrachte Kind das unter 2. genannte Kind _____ ist.
3. Daß in meiner Gegenwart die mit den richtigen Namen ausgefüllten Zettel auf die entsprechenden Blutentnahmegefäße geklebt wurden.
4. Daß ich — und das Kind — in den letzten 3 Monaten keine Übertragung von Blut bzw. Blutbestandteilen erhalten habe(n)/hat.
5. Daß ich — und das Kind — nicht an einer Erkrankung des Blutes oder der blutbildenden Organe leide(n)/leidet, soweit mir bekannt ist.

Zutreffendenfalls

6. Daß von mir ein Lichtbild angefertigt wurde, das ich mit meinem Namenszug versehen habe.

Die Identität der vorstehend aufgeführten Person(en) habe ich folgendermaßen geprüft:

1. den Personalausweis und ggf. die Geburtsurkunde eingesehen und die daraus entnommenen Daten in dieses Formular eingetragen/eintragen lassen.
2. dieses Formular in meiner Gegenwart unterschreiben lassen.
3. den Fingerabdruck abgenommen
4. ein Lichtbild angefertigt          ☐ ja   ☐ nein
5. Gegenüberstellung                  ☐ ja   ☐ nein

mit _____
_____

6. Die vorstehend aufgeführten Personen sind mir persönlich bekannt     ☐ ja   ☐ nein

Datum _____                 Datum _____

## RECORD (concerning blood collection and identity)

In legal proceedings of __HUBBARD__ versus __STEGALL__
Court of: __Kaiserslautern__
File no.: __4 F 567/07__

---

On _____ upon request here appeared:
1. Mr./Mrs./Miss __Randyl N. STEGALL__
    date of birth _____ in _____
    living at _____
    official identity card with photo, released by _____
    on _____ no. _____ valid until _____
    Special characteristics, eye colour (as exact as possible): _____
    Skin's colour _____ Hair colour _____
2. Child _____ date of birth _____ in _____
    living at _____
    birth certificate, no. _____
    Special characteristics _____

Space for fingerprint (footprint)

| Left thumb | kid's left foot |
|---|---|
|  |  |

I hereby confirm by my signature:

1. That I am the person indicated in no. 1.
2. That the kid brought along is the one indicated in no. 2.
3. That in my presence correct names had been filled in, where stuck to the respective blood containers.
4. **That I – and the child – did not receive any transfusion of blood or blood particles during the last 3 months.**
5. That I – and the child – do not suffer from any sickness of the blood or of the organs generating blood, as far as I know.
6. That my photo was taken and signed by myself.

Date: _____

Signature

The identity of the person(s) indicated above was examined by me as follows:

1. I checked the identity card – and the birth certificate – and transferred its data to this form.
2. I had this form signed in my presence.
3. I took the fingerprint:        yes / no
4. I had a photo taken:         yes / no
5. Confrontation:               yes / no
    with: _____
6. I know the subject(s) personally   yes / no

Date: _____

Doctor's signature

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST )
FROM GERMANY )
IN THE MATTER OF ) Misc No. 08-
RANDY N. STEGALL )
                ORDER

      Upon application of the United States of America; and upon examination of a letter of request from Germany whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Germany and the Court being fully informed in the premises, it is hereby

      **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the German authorities as follows:

      1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

      2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Germany, which procedures may be specified in the request or provided by the German authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Civil Division, United States Department of Justice, or as otherwise directed by that office for transmission to the German authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2008.

_____
United States District Court Judge